IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **ARMANDO SERRANO,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 17-cv-02869 |
| **REYNALDO GUEVARA, ERNEST HALVORSEN, EDWARD MINGEY, MATTHEW COGHLAN, JOHN DILLON, the CITY OF CHICAGO, and COOK COUNTY** | ) ) ) ) ) ) | Hon. Manish S. Shah |
| Defendants. | ) ) | |

## JOINT INITIAL STATUS REPORT

1. **The Nature of the Case**

    a. The following is a list of all attorneys of record for each party to this lawsuit:

    **Attorney for Plaintiff**
    Jennifer Bonjean – Lead Counsel
    Bonjean Law Group, PLLC
    1000 Dean St., Ste. 422
    Brooklyn, NY 11238
    718-875-1850

    **Attorneys for Defendants Guevara, Halvorsen, and Mingey**
    James G. Sotos – Lead Counsel
    Caroline P. Golden
    Jeffrey N. Given
    Jeffrey R. Kivetz
    Joseph M. Polick
    The Sotos Law Firm, P.C.
    550 East Devon Ave., Suite 150
    Itasca, IL. 60143
    630-725-3300

        **Attorney for Defendant Matthew Coghlan**
Paula S. Quist – Lead Counsel
Jones Day
77 W. Wacker Dr., Suite 3500
Chicago, IL 60601
312-782-3939

        **Attorneys for Defendant John Dillon**
Chaka M. Patterson – Lead Counsel
James E. Hanlon, Jr. – Lead Counsel
Anthony E. Zecchin
Scott A. Golden
Cook County State's Attorney's Office
Civil Actions Bureau
500 Richard J. Daley Ctr.
Chicago, IL 60602

        **Attorneys for the Defendant City of Chicago**
Eileen Ellen Rosen – Lead Counsel
Catherine Macneil Barber
Patrick R. Moran
Stacy Ann Benjamin
Theresa Berousek Carney
Rock Fusco & Connelly, LLC
321 N. Clark St., Ste. 2200
Chicago, IL. 60654

b.    The basis for federal jurisdiction is 28 U.S.C. §§ 1331 and 1367, in that the case involves a federal question and supplemental Illinois state law claims. The complaint is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of state law of Plaintiff's rights as secured by the United States Constitution as well as the deprivation of rights under Illinois state law.

c.    Plaintiff's claims stem from his 23-year alleged wrongful conviction for the murder of Rodrigo Vargas. Plaintiff alleges that his Due Process guarantees were violated when the defendant officers and State's Attorney defendants fabricated evidence against him and withheld *Brady* material. Plaintiff further makes a Fourth Amendment claim of malicious prosecution and claims of conspiracy and failure to intervene against the defendant officers and State's Attorney defendants. Plaintiff also brings related state law claims, including malicious prosecution, civil conspiracy, and intentional infliction of emotional distress.

    Plaintiff further alleges that the City of Chicago is directly responsible for his wrongful conviction pursuant to *Monell v. Dept. of Social Srvs. of the City of New York*, 436 U.S. 658 (1978).

    d.    There are number of legal and factual issues in this case.

At the outset, the defendant officers and the defendant City intend to file a motion for reassignment based on relatedness pursuant to L.R. 40.4, seeking to join the matter of *Montanez v. Guevara, et al.* 17-cv-4560, with this case. Plaintiff in the *Montanez* litigation was the co-defendant of Plaintiff in this litigation. That Complaint in the *Montanez* matter was filed on June 19, 2017 and is currently assigned to the Honorable Rebecca R. Pallmeyer. Plaintiff currently takes no position on whether reassignment of the *Montanez* matter is appropriate here.

City Defendants anticipate filing a motion to dismiss Plaintiff's federal "malicious prosecution" claim, and one or more defendant Officers is evaluating a motion to dismiss other claims as well. Defendants Coghlan and Dillon anticipate filing a motion to dismiss the claims on the grounds of absolute immunity, qualified immunity and/or sovereign immunity. Defendants Coghlan and Dillon will ask this Court to stay discovery until this Court rules on their motions to dismiss on absolute immunity grounds. Plaintiff objects to any stay of discovery.

The Defendant City intends to seek an Order from this Court bifurcating Plaintiff's *Monell* claims from the claims brought against the individual defendants and bifurcating *Monell* discovery. Plaintiff will object to any motion to bifurcate.

    e.    Plaintiff seeks monetary relief for his claims, including compensatory and punitive damages. Plaintiff also seeks attorneys' fees and costs and any other relief the Court deems appropriate.

2. **Mandatory Initial Discovery (Pilot Program)**

The instant law suit was filed prior to the June 1, 2017 effective date of the Mandatory Initial Discovery Pilot Project.

3. **Pending Motions and Case Plan**

    a.    There are no pending motions.

    b.    The parties jointly propose the following discovery plan.

           i.    Discovery in this case will include extensive ESI and written discovery. The parties anticipate that no fewer than 50 depositions will be conducted in this case in total. The parties also anticipate significant expert discovery in this matter as it relates to the individual defendants' liability, municipal liability, and damages.

3

  ii.  The defendants seek to propose a detailed discovery plan to the Court after this Court rules on anticipated motions to dismiss. Plaintiff is eager to commence discovery and suggests that the Court order that discovery proceed immediately.

4.  **Consent to Proceed Before a Magistrate Judge**

The parties do not unanimously consent to proceed before a Magistrate Judge.

5.  **Status of Settlement Discussions**

  a.  On June 6, 2017, Plaintiff served a settlement demand on the City of Chicago. The City did not respond.

  b.  There have been no settlement discussions.

  c.  The parties are not presently requesting a settlement conference.

Respectfully Submitted,

/s/JENNIFER BONJEAN
*Attorney for Plaintiff Armando Serrano*

/s/JEFFREY N. GIVEN
*Attorney for the Individual Defendant Officers*

/s/PAULA S. QUIST
*Attorney for Defendant Matthew Coghlan*

/s/JAMES E. HANLON, JR.
*Attorney for Defendants John Dillon and Cook County*

/s/EILEEN E. ROSEN
*Attorney for the Defendant City of Chicago*