IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARMANDO SERRANO | ) | |
| | ) | Case No. 17 CV 2869 |
| Plaintiff, | ) | |
| | ) | Hon. Manish S. Shah |
| | ) | |
| vs. | ) | |
| | ) | Magistrate Jeffrey Cole |
| | ) | |
| REYNALDO GUEVARA, ERNEST | ) | JURY DEMAND |
| HALVORSEN, EDWARD MINGEY, | ) | |
| MATTHEW COGHLAN, JOHN DILLON, the | ) | |
| CITY OF CHICAGO, and COOK COUNTY | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| JOSE MONTANEZ | ) | |
| | ) | Case No. 17 CV 4560 |
| Plaintiff, | ) | |
| | ) | Hon. Manish S. Shah |
| | ) | |
| vs. | ) | |
| | ) | Magistrate Jeffrey Cole |
| | ) | |
| | ) | JURY DEMAND |
| REYNALDO GUEVARA, ERNEST | ) | |
| HALVORSEN, EDWARD MINGEY, | ) | |
| MATTHEW COGHLAN, JOHN DILLON, the | ) | |
| CITY OF CHICAGO, and COOK COUNTY | ) | |
| | ) | |
| Defendants. | ) | |

## HIPAA AND MENTAL HEALTH CONFIDENTIALITY PROTECTIVE ORDER

This matter having come to be heard on the Defendants' Motion for the Entry of a HIPAA and Mental Health Protective Order, due notice hereof having been given, and the Court being fully advised in the premises, the Motion for HIPAA and Mental Health Protective Order is GRANTED.

The Court finds good cause exists for the entry of a HIPAA and Mental Health Protective Order for Plaintiffs' (**ARMANDO SERRANO** and **JOSE MONTANEZ**) medical and mental health information to prevent the unauthorized disclosures, control the receipt of, and direct the

use of protected health information ("PHI") and mental health information during the course of this litigation:

Accordingly, IT IS HEREBY ORDERED as follows:

(1) The current parties (and their attorneys) and any future parties (and their attorneys) to the above-captioned matter are hereby authorized to receive, subpoena, and transmit "protected health information" (also referred to herein as "PHI") and mental health information pertaining to **ARMANDO SERRANO** and **JOSE MONTANEZ**, as protected by HIPAA ("Health Insurance Portability and Accountability Act of 1996 codified primarily at 18, 26 and 42 USC (2002)) and the Illinois Mental Health and Developmental Disabilities and Confidentiality Act (740 ILCS 110/1 et seq.), to the extent and subject to the conditions outlined herein.

(2) For the purposes of this Qualified Protective Order, "PHI" shall have the same scope and definition as set forth in 45 CFR 160.103 and 164.501. Without limiting the generality of the foregoing, "PHI" includes, but is not limited to, health information, including demographic information, relating to either, (a) the past, present or future physical condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

(3) Mental health information shall have the same scope and definition as set forth in 740 ILCS 110/2. Without limiting the generality of the foregoing, Mental health information includes, but is not limited to, information obtained from "mental health services," including "confidential communications," "personal notes," and "records," relating to either, (a) the past, present or future mental health condition of an individual, (b) the provision of care and treatment to an individual, or (c) the payment for care provided to an individual, which identifies the mental health services or which reasonably could be expected to identify the mental health services.

(3) All "covered entities" (as defined by 45 CFR 160.103) and "record custodians" (as defined by 740 ILCS 110/2) are hereby authorized to disclose PHI and mental health information pertaining to **ARMANDO SERRANO** and **JOSE MONTANEZ**, to all attorneys now of record in this matter or who may become of record in the future of this litigation.

(4) The parties and their attorneys shall be permitted to use the protected health information and mental health information of **ARMANDO SERRANO** and **JOSE MONTANEZ**, in any manner that is reasonably connected with the above-captioned litigation. This includes disclosure to the parties, their attorneys of record, the attorneys' firm (i.e., attorneys, support staff, agents, and consultants), the parties' insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities involved in the litigation process.

(5) Any documents that contain PHI or mental health information obtained pursuant to this order shall be designated confidential subject to this HIPAA and Mental Health Protective

Order and labeled "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER." Documents labeled and disclosed pursuant to this order shall be kept confidential (except as allowed by this order), stored to maintain their confidentiality, and not be disclosed in or attached to any publicly filed documents unless:

    a. The PHI and mental health information has been redacted;
    b. The Plaintiff has agreed to the filing of such document; or
    c. The Court has ordered that the document can be publicly filed.

(6) Within 60 days of the conclusion of the litigation as to any Defendant (which shall be defined as the point at which final Orders disposing of the entire case as to any Defendant have been entered, or the time at which all trial and appellate proceedings have been exhausted as to any Defendant), that Defendant and any person or entity no longer involved in the litigation in possession of PHI or mental health information pertaining to **ARMANDO SERRANO** and **JOSE MONTANEZ**, (other than the person or entity that generated the PHI) obtained from the Defendant or his/her/its attorneys shall destroy any and all copies of said PHI and mental health information in their possession.

(7) This Order shall not control or limit the use of protected health information or mental health information pertaining to **ARMANDO SERRANO** and **JOSE MONTANEZ**, that comes into the possession of any party or any party's attorney from a source other than a "covered entity" (as that term is defined in 45 CFR 160.103) or from a "therapist" (as that term is defined in 740 ILCS 110/2).

(8) Nothing in this Order authorizes counsel to obtain medical records or mental health information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or through attorney-client communications.

(9) Nothing in this protective order shall be deemed a waiver of the right of any party to object to a request for discovery on the basis of relevance, materiality, privilege (other than based on HIPAA and MHDDCA), overbreadth or any other valid objection to discovery.

(10) This Order does not authorize either party to seal court filings or court proceedings. The Court will make a good cause determination for filing under seal if and when a party seeks to file Plaintiff's protected health information under seal.

OCT 0 2 2018 , 2018

ENTERED

Judge

Prepared By:
**The Sotos Law Firm**
550 East Devon Ave.
Suite 150
Itasca, IL 60143
dbrueggen@jsotoslaw.com