# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ARMANDO SERRANO, | |
| Plaintiff, | |
| v. | Case No. 1:17-cv-02869 |
| REYNALDO GUEVARA, et al., | Hon. Manish S. Shah |
| Defendants. | Magistrate Judge Jeffrey Cole |

| | |
|---|---|
| JOSE MONTANEZ, | |
| Plaintiff, | |
| v. | Case No. 1:17-cv-04560 |
| REYNALDO GUEVARA, et al., | Hon. Manish S. Shah |
| Defendants. | Magistrate Judge Jeffrey Cole |

## **FERPA ORDER**

Counsel for Defendant Matthew Coghlan issued a subpoena to non-party Northwestern University ("Northwestern") requesting the production of documents pursuant to Fed. R. Civ. P. 45. The Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. §1232g, establishes protections for education records and permits the Department of Education to deny federal funding to a university that does not comply with its provisions. The Court enters this Order in an effort to provide the parties with access to and discovery of relevant documents that may contain names and information of students, while at the same time allowing non-party Northwestern University

("Northwestern") to comply with FERPA and protect the privacy rights of students. The Court finds, given the nature of the allegations in this case, there is good cause to compel Northwestern to comply with its discovery obligations under Rules 26 and 45 by producing documents that contain students' personally identifiable information after compliance with the notification requirement mandated by FERPA.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Northwestern will provide written notice of this Order to the former students whose personally identifiable information appears in responsive documents and will allow them 21 days to raise any objections with the Court to the production of FERPA-protected records before Northwestern produces those records.

Northwestern shall provide Defendants access to and discovery of educational records containing students' personally identifiable information that are relevant to any claim or defense in this case. The following procedures shall apply to any documents produced by Northwestern that identify students or former students of Northwestern University:

1.     The names or other personally identifiable information of any students or former students contained in any documents produced by Northwestern in this case will be deleted from the pleadings and public documents and replaced by the designation of initials. The name and identity of the students involved will be protected from public disclosure unless otherwise required by law.  Any document produced by Northwestern in this case that contains personally identifiable information of any student or former student of Northwestern University, and any deposition testimony that results therefrom, will be treated as "Confidential Information" and subject to the terms of the Confidentiality Order entered in the above-captioned matters. *See Montanez v.*

*Guevara, et al.*, Case No. 17-cv-4560, ECF No. 118, Oct. 2, 2018; *Serrano v. Guevara, et al.*, Case No. 17-cv-2869, ECF No. 116, Oct. 2, 2018.

2. Northwestern will produce responsive documents without redaction. Any educational records that may be contained in those documents that are produced will be marked "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER IN 17 CV 2869 AND 17 CV 4560" and treated as Confidential Information, subject to the Confidentiality Order. If Northwestern inadvertently fails to mark a document with personally identifiable information of a student or former student as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER ENTERED IN 17 CV 2869 AND 17 CV 4560," the document will still be protected as "Confidential Information," and the designation may be applied retroactively.

3. Any documents containing Confidential Information that are filed with the Court will be reviewed by the Party proposing the document, and the names and other identifying details of the students or former students involved will be deleted (or replaced with initials).

4. Upon completion of this litigation, all copies of the records or documents or testimony with references to students shall remain Confidential, and shall continue to be kept as Confidential Information.

5. Nothing contained herein shall be construed to prejudice or limit any party's right to use the records with personally identifying information in the taking of depositions or at trial to the extent permitted, if at all, under the rules of evidence and civil procedure.

6. Nothing in this Order shall prevent any party hereto from seeking modification of this Order, or from objecting to discovery which it believes to be otherwise improper.

7.      Violation of the terms of this Order, by any of the signatories to this agreement, their employees, agents or experts may subject the violator to any sanction deemed appropriate by the Court.

8.      This Order shall only apply to documents produced by Northwestern and any Northwestern-affiliated entities, including but not limited to the Center for Wrongful Convictions, in discovery and does not apply to documents obtained by the Defendants from other sources or to documents that are available to the public.

*So Ordered*.

Dated: _____

U.S. Magistrate Judge Cole