IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARMANDO SERRANO, | |
| Plaintiff, | |
| v. | Case No. 1:17-cv-02869 |
| REYNALDO GUEVARA, et al., | Hon. Manish S. Shah |
| Defendants. | Magistrate Judge Jeffrey Cole |
| | |
| JOSE MONTANEZ, | |
| Plaintiff, | |
| v. | Case No. 1:17-cv-04560 |
| REYNALDO GUEVARA, et al., | Hon. Manish S. Shah |
| Defendants. | Magistrate Judge Jeffrey Cole |

**DEFENDANT MATTHEW COGHLAN'S CORRECTED MOTION FOR
PROTECTIVE ORDER REGARDING DISSEMINATION OF
<u>VIDEO AND TRANSCRIPT OF DEPOSITION</u>**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Defendant Matthew Coghlan moves this Court for an order providing that the video and transcript of Coghlan's deposition in this cause (taken on November 15, 2018) will be treated as "Confidential" pursuant to the Protective Order already entered in these cases (Serrano ECF No. 116 and Montanez ECF No. 118) and barring the parties from releasing the video and/or transcription of Coghlan's deposition to any third parties. In support of this motion, Coghlan states as follows:

**INTRODUCTION**

Plaintiffs have filed nearly identical complaints against former Chicago Police Detectives Reynaldo Guevara, Ernest Halvorsen and Edward Mingey, former Cook County Assistant State's Attorneys ("ASAs") Matthew Coghlan and John Dillon, the City of Chicago, and Cook County, asserting claims for alleged "fabrication of evidence," alleged violations of *Brady v. Maryland*, malicious prosecution, failure to intervene, intentional infliction of emotional distress, and civil conspiracy to violate federal and/or state law. The vast majority of the allegations in Plaintiffs' Complaints, however, have nothing to do with Coghlan, who is currently a sitting judge on the Circuit Court of Cook County of the State of Illinois.

Coghlan's deposition took place on November 15, 2018, and pursuant to the Court's minute entry on November 7, 2018, the transcript shall be "held under seal pending disposition of [the instant] motion." (Serrano ECF No. 119; Montanez ECF No. 122.) As shown below, good cause exists for this Court to enter a protective order barring the parties from publicly disseminating the transcript and video of Coghlan's deposition. At this point, the deposition transcript and video are not judicial documents. They have not been made part of the record, they are not evidence, and there is no requirement that they be filed with the court. Nonetheless, Coghlan has a substantial concern that Plaintiffs will publicly disseminate the transcript and video (or cut or splice portions of them) in order to embarrass or harass him and to improperly influence the potential jury pool. The concern is not abstract or theoretical. To the contrary, prior to his deposition, Plaintiffs already started to try this case in the media, engaging in repeated media attacks against Coghlan specifically, and in some instances, misrepresenting the evidence in these cases.[1] In addition, a

---

[1] For instance, on September 7, 2018, counsel for Plaintiffs were signatories to an open letter posted online regarding Coghlan, stating in relevant part:

> In 2017, in response to the lawsuits, Judge Coghlan filed a federal court document where he denied he was even present during the interrogation of a key witness that ultimately

number of the questions posed to Coghlan during his deposition had no relevance to the merits of the case and were designed solely to embarrass or harass him.[2] What is more, Plaintiffs have failed to identify why they would have any need for disseminating the video and/or transcript of Coghlan's deposition, leaving the clear implication that the sole purpose would be to embarrass and/or harass him and to try to influence the potential jury pool.

For these reasons, as set forth below, Coghlan asks that the Court enter an order providing that the video and transcript from Coghlan's deposition in this cause shall be treated as "Confidential" pursuant to the Protective Order already entered in these cases and barring the parties from releasing the video and transcription of Coghlan's deposition to any third parties.

## LEGAL STANDARD

Rule 26(c) provides: "Upon motion by a party or by the person from whom discovery is sought, . . . and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). In considering whether to enter a Rule 26(c) protective order, the Court "must balance the interests involved: the harm to the party seeking the protective order and the importance of disclosure to the public." *Wiggins v. Burge*, 173 F.R.D. 226, 229 (N.D. Ill. 1997).

---

recanted against the two framed innocent Latino men. But, this summer, Injustice Watch and the Chicago Sun Times uncovered a 1993 court transcript where it was shown that Coghlan admitted taking the offending statement.

*Guest post: An "open letter" from Judicial Accountability PAC*, available at: https://leyhane.blogspot.com/2018/09/guest-post-open-letter-from-judicial.html. No such transcript showing that that Coghlan admitted to taking the offending statement exists, and Coghlan has uniformly denied ever being present for the alleged interrogation referenced in counsels' letter.

[2] Coghlan has not identified the nature of the abusive questions (or attached a copy of the transcript, which has not yet been sent to the parties) in light of the Court's order sealing the transcript pending disposition of this motion, (*see* Montanez ECF No. 122; Serrano ECF No. 119), but will provide the Court with a copy of the transcript for *in camera* inspection upon request.

"Some factors to consider in determining whether good cause exists to issue a protective order are the severity and likelihood of the perceived harm, the precision of the order, the viability of less onerous alternatives, the duration of the order, the privacy interests involved, whether the information is important to the public health and safety, and whether the party benefitting from the confidentiality of the order is a public official." *Caine v. City of Chicago*, No. 11 C 8996, 2012 WL 13059125, at *1 (N.D. Ill. June 28, 2012) (citing *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787-88 (3d Cir. 1994)). "The Court is not limited to considering these factors only, and the Court must consider the peculiar facts and circumstances of each case and balance the interests involved in making the good cause determination." *Id*.

## ARGUMENT

I. **Good Cause Exists to Enter a Protective Order Barring Dissemination of the Video and Transcript of Coghlan's Deposition to Third Parties.**

Coghlan requests that this Court enter an order providing that the video and transcript from his deposition be treated as "Confidential" pursuant to the Protective Order already entered in these cases and barring the parties from releasing the video and transcription of Coghlan's deposition to any third parties and from publicly commenting regarding his deposition. Good cause exists for this Court to enter the requested relief because Coghlan's privacy interests in protecting the deposition testimony from widespread distribution outweighs any conceivable public interest. Moreover, Plaintiffs have not identified any purpose for public dissemination. Consequently, this Court should issue a protective order to prevent Plaintiffs from using Coghlan's deposition to annoy, embarrass and harass him.

-4-

    **A.   The Public Does Not Have An Unfettered Right To Access The Unfiled Transcript Or Video Of Coghlan's Deposition.**

Discovery is provided in civil cases by Rule 26 to assist in the preparation and trial, or the settlement, of litigated disputes. *Seattle Times v. Rhinehart*, 467 U.S. 20, 34 (1984). "It does not necessarily follow, however, that a litigant has an unrestrained right to disseminate information that has been obtained through pretrial discovery." *Id*. To the contrary, as the United States Supreme Court has observed, much of the information that surfaces during discovery is unrelated, or only tangentially related, to the underlying cause of action and, as a result, restraints placed on discovered but not yet admitted information are not a restriction on a traditionally public source of information. *Id*.

The Seventh Circuit has similarly held that the public does not have an unfettered right to discovery materials, observing that "pretrial discovery, unlike the trial itself, is usually conducted in private." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co*., 178 F.3d 943, 944 (7th Cir. 1999) (citing *Seattle Times*, 467 U.S. at 33). And while documents filed in the court record and used as part of the judicial decision-making process are presumed to be public, "the public's right of access is limited to traditionally publicly available sources of information, and 'discovered, but not yet admitted, information' is not 'a traditionally public source of information.'" *Bond v. Utreras*, 585 F.3d 1061, 1073-74 (7th Cir. 2009) (quoting *Seattle Times Co.,* 467 U.S. at 33) (emphasis added). "This is so because the Federal Rules of Civil Procedure contemplate that the exchange of information in discovery will occur with minimal judicial involvement and rarely in the public eye." *Shultz v. Dart,* No. 13 C 3641, 2015 WL 4934552, at *2 (N.D. Ill. Aug. 18, 2015) (internal citations omitted) (entering order barring dissemination of the transcript and videotape of Sheriff Dart's deposition). "Therefore, unfiled discovery is not presumed to be public, and '[t]he

rights of the public kick in when material produced during discovery is filed with the court.'" *Id.* (quoting *Bond*, 585 F.3d at 1074-75).

Here, Coghlan's deposition is not part of the public record. In fact, "[t]he Federal Rules and the Local Rules of the Northern District of Illinois both prohibit the filing of discovery materials, including deposition transcripts and videotapes, as part of the public docket except when the materials are used as evidence in a hearing or motion or if the court orders filing." *Id.* (citing Fed. R. Civ. P. 5(d)(1); N.D. Ill. L.R. 26.3). Thus, "[t]here is no presumption of public access to the deposition at this time." *Id.*[3]

Indeed, as Magistrate Judge Weisman explained just days ago:

> [T]here is not a general right to share with the public discovery materials that are exchanged between the parties during the discovery process. The public's right to discovery materials markedly changes, however, when the materials gathered during the discovery process are presented to the court and relied upon by the Court in its decision-making process.

*Simon v. Northwestern Univ., et al.*, No. 1:15-CV-01433, 2018 WL 5994986, at *2 n.3 (N.D. Ill. Nov. 15, 2018) (citing *Bond*, 585 F.3d at 1073 ("Generally speaking, the public has no constitutional, statutory (rule-based), or common-law right of access to ***unfiled*** discovery.") (emphasis in original)). "Again the fact that the deposition has not yet been used for any purpose in this litigation is important in determining whether there can be restrictions on its dissemination." *Shultz*, 2015 WL 4934552, at *3. Thus, there is no purported right that the public has regarding access to Coghlan's deposition testimony prior to trial that would outweigh the concerns set forth below.

---

[3] While there are cases that hold "pretrial discovery must take place in the public unless compelling reasons exist for denying the public access to the proceedings, *see, e.g., AT&T v. Grady*, 594 F.2d 594, 596 (7th Cir. 1978), "[m]ore recent precedent directs that there is a significant difference between discovery materials in general and discovery materials that are filed with the court." *Simon v. Northwestern Univ., et al.*, No. 1:15-CV-01433, 2018 WL 5994986, at *2 n.3 (N.D. Ill. Nov. 15, 2018) (citing *Bond*, 585 F.3d at 1073); *see also Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) ("Secrecy is fine at the discovery stage, before the material enters the judicial record.").

### B. Allowing Plaintiffs To Disseminate The Transcript And Video from Coghlan's Deposition Would Allow For Harassment And Abuse.

"[C]ourts have recognized concerns about annoyance, embarrassment, oppression, and undue burden or expense when public figures are deposed." *Shultz*, 2015 WL 4934552, at *2 (citing *Hobley v. Burge*, No. 03 C 3678, 2007 WL 551569 at *2 (N.D. Ill. Feb. 22, 2007); *Olivieri v. Rodriguez*, 122 F.3d 406, 409-10 (7th Cir. 1997); *Stagman v. Ryan*, 176 F.3d 986, 994–95 (7th Cir. 1999)). Here, there is genuine concern about the potential for abuse of a video and transcript of a deposition of a judicial officer like Coghlan. Indeed, even a cursory review of the transcript, itself, demonstrates the abusive nature of some of the questions posed by Plaintiffs' counsel during Coghlan's deposition and highlight the need for a protective order to protect Coghlan from further harassment.[4] Furthermore, the fact that Coghlan will vacate the bench during the pendency of this litigation is of no consequence. *See, e.g., Simon*, 2018 WL 5994986, at *4 ("The CCSAO has raised a genuine concern about the potential misuse of the [former Illinois State's Attorney Anita Alvarez's] deposition in the public sphere and established good cause to preserve the confidentiality designation of Alvarez's deposition transcript and video."). Even after Coghlan leaves the bench, there will continue to be active and ongoing cases in which he has made substantive rulings. As such, good cause exists for the requested protective order.

More than a decade ago, a district court observed that deposition videotapes in particular were subject to a high degree of abuse because "[t]hey can be cut and spliced and used as 'sound-bites' on the evening news." *Felling v. Knight*, IP 01–0571–C–T/K, 2001 WL 1782360 at *3 (S.D. Ind. Dec. 21, 2001); *see also Hobley v. Burge*, 225 F.R.D. 221, 226 (N.D. Ill. 2004) (noting same

---

[4] Again, Coghlan has not identified the nature of the abusive questions in light of the Court's order sealing the transcript pending disposition of this motion, (*see* Montanez ECF No. 122; Serrano ECF No. 119), but will provide the Court with a copy of the transcript for in camera inspection upon request.

and entering order barring dissemination of deposition transcripts and videotapes). Indeed, as Magistrate Judge Brown recently noted in *Shultz*:

> The years since *Felling* have seen the explosive growth of social media and internet opportunities to broadcast portions of video recordings. Once a video is put on the internet, it is virtually impossible to remove completely. Transcript excerpts may also be published in out-of-context snippets, presenting similar, albeit perhaps less dramatic, problems, particularly when the deponent is a public figure.

2015 WL 4934552, at *3. Because of this, "[t]he significant potential for misuse and annoyance constitute[s] good cause to issue a protective order for [for both the] deposition transcript and video." *Id.*; *see also Jennings v. Peters*, 162 F.R.D. 120 (N.D. Ill. 1995) (finding good cause for protective order to limit dissemination of deposition based on finding that a party intended to use testimony for a purpose unrelated to settlement or trial preparation); *Baker v. Buffenbarger,* No. 03-cv5443, 2004 WL 2124787 (N.D. Ill. Sept. 22, 2004) (same); *Larson v. American Family Mutual Ins*. Co., No. 06-cv-1355, 2007 WL 622214, at *1 (D. Colo. Feb. 23, 2007) (finding same and stating: "A videotaped deposition is, by nature, information that would not otherwise be obtained by opposing counsel, absent this litigation."); *Stern v. Cosby*, 529 F. Supp. 2d 417 (S.D.N.Y. 2007) (issuing protective order prohibiting distribution of video where court found release would add to media frenzy over case, interfere with administration of justice, and subject the television journalist deponent to annoyance, embarrassment, oppression, or undue expense or burden).

Here, as in *Felling, Schultz* and *Hobley*, Coghlan's privacy interests outweighs any public interest at this time. Further, Plaintiffs' failure to identify any purpose for disseminating video and/or transcript of Coghlan's deposition leaves the clear implication that the sole purpose is to embarrass and harass Coghlan as discussed *supra*. *See Felling*, 2001 WL 1782360, *3 (finding potential embarrassment that witnesses would suffer at seeing their deposition performances

displayed repeatedly during media accounts constitutes good cause which required court to grant a protective order for deposition videotapes).

In *Baker v. Buffenbarger*, Magistrate Judge Keys was presented with a request for a protective order similar to the instant motion. *See* 2004 WL 2124787 (Sept. 22, 2004, N.D. Ill.). There, the defendants requested that the plaintiffs limit the use of videotapes and transcripts to purposes directly related to the lawsuit, but the plaintiffs declined, explaining that union members had a right to access the materials and that the plaintiffs could do as they pleased with materials obtained during discovery. *See id*., at *2. The defendants then moved pursuant to Rule 26(c) for the entry of a protective order, and in granting the defendants' motion, the court recognized that, while Rule 26 generally contemplates broad, public discovery, it "does not sanction the misuse of the judicial system and the discovery procedures by any party." *Id.*, at *3 (citing *Seattle Times Co.*, 467 U.S. at 31) ("It does not necessarily follow, however, that a litigant has an unrestrained right to disseminate information that has been obtained through pretrial discovery.")). In the absence of any demonstration as to how dissemination will facilitate trial preparation, or any denial of plaintiffs' intention to widely disseminate the testimony, the court found the entry of an order protecting both the videos and transcripts of deposition testimony was required by justice. *See id*., at *3-4. The circumstances here necessitate the same outcome. Coghlan, as a judicial officer of the Cook County court system, has a right to privacy that is not outweighed by Plaintiffs' desire to try this case in the media. This case should "be tried before this Court, in front of an unbiased jury, and not in the court of public opinion in which clips of videotape is disseminated widely." *Caine*, 2012 WL 13059125, at *2.

For these reasons, Defendant Matthew Coghlan requests the entry of an order granting this motion for entry of a protective order, ordering that the video and transcript of Coghlan's

November 15, 2018 deposition be treated as "Confidential" under the terms of the parties' Agreed protective Order in these cases and barring the parties from releasing the video and/or transcription of Coghlan's deposition to any third parties and from publicly commenting regarding his deposition.

Dated: November 21, 2018                    Respectfully submitted,

/s/ Paula S. Quist
Paula S. Quist (IL 6278287)
pquist@jonesday.com
Morgan R. Hirst (IL 6275128)
mhirst@jonesday.com
Leigh A. Krahenbuhl (IL 6309479)
lkrahenbuhl@jonesday.com
Kristina K. Cercone (IL 6306298)
kcercone@jonesday.com
JONES DAY
77 West Wacker
Chicago, IL 60601.1692
Telephone: (312) 782-3939

*Counsel for Defendant Matthew Coghlan*

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 21st day of November, 2018, I filed the foregoing with the Clerk of the United States District Court using the CM/ECF system, which will send notification electronically to all counsel of record.

                 /s/ Paula S. Quist
                 *Counsel for Defendant Matthew Coghlan*