**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ARMANDO SERRANO | ) | |
| | ) | Case No. 17 CV 2869 |
| Plaintiff, | ) | |
| | ) | Hon. Manish S. Shah |
| | ) | |
| vs. | ) | |
| | ) | Magistrate Susan E. Cox |
| | ) | |
| REYNALDO GUEVARA, ERNEST | ) | JURY DEMAND |
| HALVORSEN, EDWARD MINGEY, | ) | |
| MATTHEW COGHLAN, JOHN DILLON, the | ) | |
| CITY OF CHICAGO, and COOK COUNTY | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| JOSE MONTANEZ | ) | |
| | ) | Case No. 17 CV 4560 |
| Plaintiff, | ) | |
| | ) | Hon. Manish S. Shah |
| | ) | |
| vs. | ) | Magistrate Susan E. Cox |
| | ) | |
| | ) | JURY DEMAND |
| REYNALDO GUEVARA, ERNEST | ) | |
| HALVORSEN, EDWARD MINGEY, | ) | |
| MATTHEW COGHLAN, JOHN DILLON, the | ) | |
| CITY OF CHICAGO, and COOK COUNTY | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' JOINT MOTION FOR A NECESSARY**
**EXTENSION OF FACT DISCOVERY**

Defendants Reynaldo Guevera, Ernest Halvorsen, Edward Mingey, the City of Chicago,

John Dillon, Mathew Coughlin, and Cook County (collectively, "Defendants"), by each of their

undersigned attorneys, request an extension of fact discovery for good cause shown, and state:

## Background Relating to Plaintiffs' Complaints

1.      Plaintiff Serrano filed his complaint in May 2017 and Plaintiff Montanez filed his complaint in June 2017.  With nearly identical allegations, Plaintiffs have sued former Chicago Police Detectives Reynaldo Guevara and Ernest Halvorsen, former Chicago Police Sergeant Edward Mingey, former Cook County Assistant State's Attorneys Matthew Coughlan and John Dillon, the City of Chicago, and Cook County.[1]  Plaintiffs' claims stem from their arrest, prosecution, and conviction for the 1993 murder of Rodrigo Vargas. The claims against the individual police officer defendants include violations of due process for fabricating and concealing exculpatory evidence, failure to intervene, and conspiracy, as well as the state law claims of malicious prosecution, intentional infliction of emotional distress, and conspiracy. Against the City of Chicago, Plaintiffs allege the constitutional violations they suffered were carried out in accordance with the City's policies, such that the City is liable pursuant to *Monell v. New York Dept. of Social Services*, 436 U.S. 659 (1978).  As for the former Assistant State's Attorneys, Plaintiff claim they similarly coerced key witnesses into falsely providing inculpatory statements against Plaintiffs at their underlying criminal proceedings.

2.      Plaintiffs' causes of action are wide-spread and far reaching. Plaintiffs claim they were convicted because Defendants conspired among themselves and with others to manipulate witnesses into falsely implicating Plaintiffs in the 1993 Vargas murder and withheld material evidence from Plaintiffs at trial.  Plaintiffs contend this was a frame up led by Defendant Detective Guevara, who Plaintiffs allege, has a history of committing similar  misconduct against dozens of other Latino men in the Humboldt Park neighborhood of Chicago during the course of his career.  Plaintiffs claim that due to Defendants misconduct they were wrongfully incarcerated

---

[1] These cases have been consolidated for purposes of pretrial and discovery and therefore, throughout the instant motion Defendants will solely reference the Serrano Docket.

for 23 years before being released and suffered severe physical and psychological pain and suffering, and loss of liberty.

3.      Because the underlying allegations relating to Plaintiffs' claims occurred in 1993 (almost 26 years ago) attempting to 1) gather relevant documents related to the murder; 2) track down, interview, and depose dozens of third-party witnesses; 3) inspect the criminal court evidence and files; and 4) collect documents related to Plaintiffs' alleged damages is difficult and time-consuming. In Defense counsel's experience, performing these necessary discovery functions in order to adequately defend a reverse conviction case dating back to the early 1990s takes time.

4.      In preliminary discussions with Plaintiffs' counsel just after the filing of their respective Complaints, defense counsel raised these very concerns in relation to the scope of discovery.  But, out of an effort to amicably come to a mutual agreement regarding the discovery schedule, Defendants ultimately agreed to attempt to complete fact discovery in a 15 month time period.  As such, in January 2018, the parties entered into a joint discovery agreement whereupon fact discovery would be completed by March 2, 2019 and expert discovery could be completed by July 3, 2019.  (Serrano Dkt. 74.)  Judge Cole indicated that no extensions would be permitted. (Serrano Dkt. 75).

5.      However, as highlighted below, good cause exists for a limited extension of fact discovery as Defendants have been diligent in progressing through the necessary discovery to bring this case to trial.

### History of the Litigation and Delays in Discovery

6.      While the initial discovery period was underway, Judge Shah was reviewing Defendants' respective motions to dismiss that had been filed in the fall of 2017.  (Serrano Dkts. 60, 68).

7.      By the end of April 2018, discovery had been running productively, as the parties had propounded discovery and the Defendants had already provided answers and responses to Plaintiffs' initial discovery requests.  Additionally, at this point in the litigation, Defendants Guevara, Halvorsen, and Mingey had been deposed and asserted their Fifth Amendment rights to the entirety of Plaintiffs' discovery requests, including invoking such rights during their respective depositions.

8.      On May 30, 2018, Judge Shah entered a memorandum and order granting in part and denying part, Defendants' motions to dismiss.  Plaintiffs amended their Complaints on June 20, 2018.  (Serrano Dkt. 90).

9.      From there, and continuing throughout the summer of 2018, three law firms representing the City of Chicago (Rock Fusco & Connelly, LLC), Defendants Halvorsen and Mingey (The Sotos Law Firm, P.C.) and Defendant Guevara (Leinenweber, Baroni, & Daffada, LLC ) and the law firm for Plaintiff Montanez (Loevy & Loevy) were actively preparing for, and tried to verdict, the matter of *Rivera v. Guevara, et al.*, Docket No. 12 CV 004428) before Judge Gottshall.  The *Rivera* matter involved some of the very same individual police officer defendants – Guevara and Mingey – and included similar allegations of manipulating witnesses and withholding material evidence.  Additionally, *Rivera* alleged one similar *Monell* theory (the so-called "street files" theory) against the City of Chicago.  That verdict is currently the subject of several post-trial motions, but, for purposes of this motion, it is important to note that the fact

discovery period in the *Rivera* matter lasted nearly five years. In any event, the parties' resources were significantly devoted to the *Rivera* trial throughout that time period.

10.     After the *Rivera* trial, on September 5, 2018, Defendant Mingey elected to no longer assert his Fifth Amendment rights and substantively answered Plaintiffs' amended complaint. (Serrano Dkt. 109). Similarly, on September 19, 2018, Defendant Halvorsen elected to substantively respond to Plaintiffs' amended complaints. (Serrano Dkt,. 114).

11.     Shortly thereafter on September 21, 2018, after repeated requests by Defendant Mingey's and Halvorsen's counsel since issuing initial discovery requests in April 2018, Plaintiffs finally answered Individual Defendants First Set of Interrogatories. (Ex. A, Email Requests for Discovery Responses & Signature Pages of Plaintiffs' Answers to Interrogatories). These interrogatory responses were five months overdue. Plaintiffs continued to withhold responses to the Individual Defendants requests for production until just last week, eight months past due, when Plaintiff Montanez finally provided responses to the Individual Officer Defendants' Requests to Produce on January 29, 2019. (Ex. B, Montanez's Responses to Request to Produce). Plaintiff Montanez provided these responses just one month before the current fact discovery deadline. To date, Plaintiff Serrano has failed to provide any response to Individual Defendants Request to Produce.

12.     Additionally, after much back and forth between the parties, on October 2, 2018 an agreed confidential order (Serrano Dkt. 116) and HIPPA and Mental Health Protective Order (Serrano Dkt. 115) were formalized and entered. As a result, it was only four months ago when Defendants were able to subpoena, for the first time, some of the necessary medical records pertaining to Plaintiffs' alleged damages and medical histories.

13.     In continuing to follow up on Plaintiffs' discovery deficiencies, on December 19, 2018, counsel for Defendants Halvorsen and Mingey provided Plaintiffs with a Rule 37.2 letter requesting Plaintiffs provide more complete responses to certain interrogatory requests. (Ex. C, Letters to Counsel).  These requests were ignored until February 7, 2019, when Plaintiff Montanez agreed to provide supplemental answers.  Plaintiff Serrano has not yet substantively responded to Defendants' 37.2 letter.

14.     Also on December 19, 2018, Defendants requested that Plaintiff Montanez execute a social security release in order to subpoena Montanez's records from the Social Security Department and avoid any unnecessary delays in obtaining such records. (Ex. D, 12/19/18 Email and Release to Counsel).  Defendants requested that Montanez execute the release at his earliest opportunity.  This request was similarly ignored until January 29, 2019.

15.     On January 29, 2019, Plaintiff Montanez indicated for the first time, despite the execution of a mental health protective order and clear law indicating otherwise, that he must have the opportunity to review the social security records for "privilege" before such records are turned over to Defendants and, thus, he will not sign the social security waiver form.  As such, counsel for Defendants Halvorsen and Mingey have been in negotiations with Montanez's counsel, consistent with this Court's standing orders and Rule 37.2, to explain that he has already waived any alleged privileges by placing his emotional damages at issue in this litigation. Montanez, however, will not sign the form unless Defendants agree that he is permitted to first review the medical records for privileged material. The parties are still discussing this issue, as of the time of the filing of the instant motion but given Plaintiffs' refusal to compromise in the face of case law directly supporting Defendants' position, a motion is likely imminent.

16.     Additionally, during the week of January 16, 2019, Defendants were forced to raise concerns with Judge Shah about the feasibility of taking the scheduled deposition of a key witness, Timothy Rankins.  Plaintiffs wanted to move forward with his deposition at a local jail in Oxford, Mississippi, despite the fact that the facility could not fully accommodate all parties. Judge Shah agreed the deposition should not move forward but rather should be rescheduled to take place at a more accommodating venue and  held that "to the extent this will require an extension of time of the discovery deadline (to complete the Rankins deposition and any follow-up discovery), and extension is granted." [2]

17.     Furthermore, on January 8, 2019, Defendants issued subpoenas to the Illinois Department of Corrections requesting any and all records relating to Plaintiffs' incarcerations, including all recorded phone calls throughout their tenure at IDOC.  Plaintiffs did not object until ten days later, when on January 18, they independently contacted IDOC to advise that they would be moving to quash the subpoenas and directed IDOC not to produce any recordings of telephone calls pending resolution by this Court.  Almost a month after the subpoena was issued, Plaintiffs filed their motion to quash which is currently scheduled to be heard on February 12. At the hearing date, Defendants will request an opportunity to brief the issue.

### The Large Amount of Discovery Completed To Date

18.     The parties have exchanged and identified hundreds of thousands of pages of documents during the course of discovery.  Defendants have disclosed police reports and other documents pertaining to, not only to the Vargas murder, but also to other murder investigations where Defendants Guevara, Halvorsen, and Mingey's names appear on records.  Defendants have produced the Cook County State's Attorney Office's file for the underlying criminal case

---

[2] To date, Rankins's deposition has not been rescheduled because the parties do not yet know in what federal penitentiary he will ultimately be housed.

and post-conviction proceedings. Defendants have obtained the public defender file for Jorge Pacheco (a criminal co-defendant who was acquitted) related to the Vargas murder.[3] Defendants have subpoenaed medical records, employment records, and school records for the Plaintiffs. Additionally, Defendants have been in protracted negotiations in obtaining documents from Northwestern University, as it relates to their Innocence Project's investigation into the convictions of Plaintiffs and the parties have just received tens of thousands of pages of documents pertaining that investigation.[4]

19. All of the parties' depositions have either been taken, or are scheduled to be taken, before the current March 2 deadline. This includes Defendants Halvorsen's and Mingey's re-depositions after electing to substantively testify. Several police officers that were on-scene after the 1993 murder of Vargas depositions were also taken. Additionally, key witnesses, Francisco Vicente and the wife of the victim, Wilda Vargas, were also deposed. Further, many of Plaintiffs' family members and other pertinent damages witnesses were deposed.

20. More specifically, the following third-party discovery has been completed to date:

   a. Document subpoenas issued:

      i. Cook County State's Attorney's Office
      ii. Illinois Department of Corrections
      iii. Cook County Department of Corrections
      iv. Ogle County Department of Corrections
      v. Los Angeles County Sherriff's Department
      vi. California Department of Corrections
      vii. FCI Beckley
      viii. Illinois Attorney Registration & Disciplinary Commission
      ix. Northwestern University Medill School of Journalism
      x. Northwestern University School of Law, Bluhm Legal Clinic, Center for Wrongful Convictions
      xi. Northwestern University Archives
      xii. David Protess

---

[3] The defense attorney files for Plaintiffs have not been located.
[4] Additionally, Plaintiffs have indicated, during our recent Rule 37.2 conferences, that they'll be producing additional documents at the tail of end of the current discovery deadline.

      xiii.  Chicago Innocence Center
      xiv.  Sergio Serritella
      xv.  Tactical Solutions Private Detectives and Consultants
      xvi.  University of Chicago Law School Exoneration Project
      xvii.  BuzzFeed, Inc.
      xviii.  Melissa Segura
      xix.  Francisco Vicente
      xx.  G. Douglas Grimes
      xxi.  Cook County Public Defender
      xxii.  Judge Greg Vazquez
      xxiii.  Donna Makowski
      xxiv.  Carmen Montanez
      xxv.  Norma Montanez
      xxvi.  Adam Stillo
      xxvii.  Daniel Cummings
      xxviii.  Mitchell Kreiter
      xxix.  Thomas A. Gibbons
      xxx.  Illinois Department of Healthcare and Family Services
      xxxi.  Illinois Department of Human Services
      xxxii.  Montanez Food & Liquor
      xxxiii.  Presence Health
      xxxiv.  Presence Resurrection Medical Center
      xxxv.  Presence St. Elizabeth Hospital
      xxxvi.  Presence St. Mary Hospital
      xxxvii.  THC Chicago Inc.
      xxxviii.  Tire America, LLC
      xxxix.  The Goodyear Tire & Rubber Co.
      xl.  Venture
      xli.  Chicago Car Center
      xlii.  AMITA Health Alexian Brothers Medical Center Elk Grove Village
      xliii.  Cintas Uniform Company
      xliv.  Uber Technologies
      xlv.  Tire America
      xlvi.  Dr. Darlene Perry
      xlvii.  Stroger Hospital

b. Depositions completed

      i.  Detective Richard Schak, October 30, 2018
      ii.  Detective Neal Jack, October 30, 2018
      iii.  Francisco Vicente, November 19, 2018
      iv.  Maria Adams, December 5, 2018
      v.  Sergeant Robert Biebel, December 6, 2018
      vi.  Carmen Montanez, December 10, 2018
      vii.  Carmen Maria Montanez, December 10, 2018
      viii.  Norma Montanez, December 11, 2018

9

       ix.  Wilda Vargas, December 12, 2018
        x.  Neida Serrano, January 8, 2019
       xi.  Fernando Serrano, January 8, 2019
     xii.  Armando Daniel Serrano, Jr., January 9, 2019
    xiii.  Christian Joel Serrano, January 9, 2019
    xiv.  Maria Serrano, February 1, 2019
     xv.  Orlando Serrano, February 1, 2019

c.  Depositions scheduled

       i.  Julio Lebron, Sr., February 14, 2019
      ii.  Emlilio Montanez, February 18, 2019
    iii.  David Protess, February 27, 2019[5]

d.  Depositions subpoenas issued, but dates not yet confirmed

       i.  Timothy Rankins[6]
      ii.  Jaqueline Frazier
    iii.  Rosa Serrano
    iv.  Alina Machado
     v.  Susan Roberts
    vi.  Rosa Mae Neel
   vii.  Julia Lissner
  viii.  Molly Lynch

**Additional Discovery Related to Liability to the Individual Defendants and Prosecutors**

22.    There is more discovery to be done. Defendants are waiting on subpoenaed documents from the University of Chicago and its Exoneration Project's investigation into Plaintiffs' allegations of innocence. Defendants are expecting to receive those documents by the end of February. Defendants continue to negotiate with counsel for Northwestern University and Protess concerning compliance with document subpoenas previously issued, and may be required to move to compel on those topics. Afterwards, Defendants will need to depose several individuals from both the University of Chicago and Northwestern, including David Protess, who

---

[5] Protess deposition will take place over two afternoons. Second date yet to be scheduled.
[6] Mr. Rankins is currently incarcerated at the Lafayette County Jail in Mississippi, awaiting transfer to federal custody. Per Judge Shah's order of January 16, 2019, Mr. Rankins deposition is continued until such time as he is at a detention facility that can accommodate all counsel, along with "telephonic or video-conferencing, and video recording." See ECF Nos. 138 (*Serrano*), 145 (*Montanez*).

created and once led Northwestern's Innocence Project.[7]  Many of these individuals were former students and, thus, are currently located throughout the country, but they are important witnesses because they participated in attaining recant testimony from several of the key witnesses who are now claiming Defendants coerced them into falsely providing testimony against Plaintiffs during their criminal proceedings.  Defendants expect to depose six to eight individuals in this regard.

23.     Defendants also anticipate deposing Plaintiffs' criminal trial attorneys, certain other witnesses to Plaintiffs' past crimes who provided testimony at Plaintiffs' sentencing hearing, and rescheduling recant witness Timothy Rankins deposition.

24.     Additionally, during this discovery period, Defendants expect to receive complete responses to Individual Defendants outstanding discovery requests and generally finalize any outstanding discovery issues, including Plaintiffs' motion to quash the IDOC subpoena and Defendants motion to enforce Montanez to execute a medical waiver form.

**Additional Discovery Related to *Monell* Allegations against the City of Chicago**

25.     At this time, Plaintiff Serrano has issued no *Monell*-centric discovery.  But, Plaintiff Montanez issued extensive *Monell*-related requests in the last two months before discovery is set to close.  As soon as Plaintiff Montanez expressed interest in pursuing his *Monell* claim, the City moved to bifurcate *Monell* claims for discovery and trial.  (Serrano, ECF 139).  Judge Shaw set a briefing schedule, and the motion will be fully briefed by February 20, 2019.  It is possible, if not likely, that Judge Shaw will not rule on the motion before the current fact discovery deadline.

---

[7] Mr. Protess has been served with a subpoena but due to medical issues can only sit for a limited time. As such, the first part of his will be conducted on 2/27 and we are currently finding a second day to complete his deposition that is convenient to the parties.

26.     If Judge Shaw does not grant the City's motion, there is currently not enough time in discovery for Plaintiff Montanez to receive the discovery from the City he seeks, or enough time for the City to seek its own discovery to defend these claims.

27.     While part of the issue is that Plaintiff's *Monell* claim is currently vague and undefined, the City anticipates that Plaintiff will pursue many of the same issues his counsel did in *Rivera v. City of Chicago*.  There, as mentioned, the discovery lasted about five years, much of it related to *Monell*.  Among other things, the plaintiff in *Rivera* sought to prove that the City had a policy and practice of not disclosing material exculpatory evidence to criminal defendants. This entailed the parties conducting a comparison of a large volume of files, including CPD investigative files, CPD Records Division files, Cook County State's Attorney's Office (CCSAO) Files, and Cook County Public Defenders' files.  This was a time-consuming and onerous process, necessitating considerable litigation and effort from the City, as well as the two non-party entities.

28.     The discovery Plaintiff Montanez recently issued appears to seek additional files from which he can do a similar comparison, so as to make allegations of what or was not produced in other cases.  While there are significant problems with the validity of such a file comparison, especially in this case, if Plaintiff is granted that discovery, it will take significant time to complete.  Again, the discovery does not only include the files Plaintiff requests, but the files and other documents that the City will need to defend against this claim.  This will include, at a minimum, obtaining corresponding CCSAO files.  It may also include obtaining court files, defense attorneys' files, transcripts, and obtaining witness statements pertaining to each individual case.

29.     Additionally, Plaintiff seeks a considerable number of CPD Complaint Register files (CRs).  He seeks not just the CRs pertaining to the individual defendants, but CRs' spanning a twenty-year time period CPD-wide.  Again, if Plaintiff is granted anything close to this discovery, it will take considerable time to produce these files, and potentially even more time for the City to produce and gather documents in its defense.

30.     For these reasons, if *Monell* is not bifurcated, the City suggests an additional nine months is needed to complete fact discovery.

**Good Cause Exists For A Limited Discovery Extension**

31.     FED. R. CIV. P. 16(b)(4) governs extensions of discovery schedules. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 719–20 (7th Cir. 2011). Pursuant to FED. R. CIV. P. 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." In determining the existence of good cause, a court must consider "'the diligence of the party seeking amendment.'" *Alioto*, 651 F.3d at 720 (quoting *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005)). Indeed, the good cause standard focuses on the diligence of the party seeking an extension of time, "not on the prejudice to the other party." *Beauchamp v. City of Dixon*, 2014 WL 901437, at *3 (N.D. Ill. Mar. 7, 2014) (citing *Alioto*, 651 F.3d at 720).

32.     Against this backdrop, Defendants have been diligent with their time in moving forward with discovery as set forth above.  While Defendants were hopeful to complete discovery within the current timeline, there was simply just too much work to be completed within that time frame to adequately defend against Plaintiffs' claims.

33.     As such, Defendants are seeking a 90-day extension of fact discovery in order to complete the above described discovery related to the individual police officer and prosecutor

defendants. To the extent *Monell* discovery is not bifurcated, Defendants are seeking a nine-month extension of fact discovery.

34.     This is Defendants' first request for a motion to extend fact discovery and this request is made before the current fact discovery deadline has passed.  *See McCann v. Cullinan,* No. 11 CV 50125, 2015 WL 4254226, at *10 (N.D. Ill. July 14, 2015) (The proper method to seek an extension of discovery deadlines is to file a motion under Rule 16(b)(4) *before* the deadline has passed"). This motion is not being made for the purpose of causing undue delay and will not result in prejudice to any party.

35.     The parties have met and conferred with Plaintiffs' counsel on February 6, 2019, consistent with this Court's standing order and Rule 37.2, and they oppose any extension of fact discovery beyond an additional thirty days.  *See* 37.2 Certificate, attached as Exhibit E.

WHEREFORE, Defendants respectfully request this Court enter an order granting their motion for an extension of time to complete fact discovery, including an additional 90 days if *Monell* discovery is bifurcated, and, if *Monell* discovery is not bifurcated, for an additional nine months.

Dated: February 7, 2019

Counsel for Defendant City of Chicago

*/s/ Eileen E. Rosen*
Eileen E. Rosen
Rock Fusco & Connelly, LLC
321 N. Clark Street, Suite 2200
Chicago, IL 60654
(312) 494-1000
erosen@rfclaw.com

Counsel for Defendant Mingey

*/s/ Josh M. Enquist*
Josh M. Enquist
The Sotos Law Firm, PC
141 W. Jackson Blvd., Suite 1240A
Chicago, IL 60604
jenquist@jsotoslaw.com

Counsel for Defendant Matthew Coghlan

*/s/ Paula S. Quist*
Paula S. Quist
Jones Day
77 West Wacker Drive, Suite 3500
Chicago, IL 60601
(312) 782-3939
pquist@jonesday.com

Counsel for Defendants Dillon and Cook
County

*/s/ Julie Nikolaevskaya*
Julie Nikolaevskaya
Cook County State's Attorney Office
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-5440
Yulia.nikolaevskaya@cookcountyil.gov

Counsel for Defendants Guevara and Halvorsen

*/s/ Thomas Leinenweber*
Thomas Leinenweber
Leineweber Baroni & Daffada LLC
120 N. LaSalle Street, Suite 2000
Chicago, IL 60602
(866) 786-3705
thomas@ilesq.com