**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ARMANDO SERRANO | ) | |
| | ) | Case No. 17 CV 2869 |
| Plaintiff, | ) | |
| | ) | Hon. Manish S. Shah |
| | ) | |
| vs. | ) | |
| | ) | Magistrate Susan E. Cox |
| | ) | |
| REYNALDO GUEVARA, ERNEST | ) | JURY DEMAND |
| HALVORSEN, EDWARD MINGEY, | ) | |
| MATTHEW COGHLAN, JOHN DILLON, the | ) | |
| CITY OF CHICAGO, and COOK COUNTY | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| JOSE MONTANEZ | ) | |
| | ) | Case No. 17 CV 4560 |
| Plaintiff, | ) | |
| | ) | Hon. Manish S. Shah |
| | ) | |
| vs. | ) | Magistrate Susan E. Cox |
| | ) | |
| | ) | JURY DEMAND |
| REYNALDO GUEVARA, ERNEST | ) | |
| HALVORSEN, EDWARD MINGEY, | ) | |
| MATTHEW COGHLAN, JOHN DILLON, the | ) | |
| CITY OF CHICAGO, and COOK COUNTY | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR A PROTECTIVE ORDER

Defendants Ernest Halvorsen and Edward Mingey, by and through their counsel, The

Sotos Law Firm, P.C., respectfully move this Honorable Court for an order requiring Plaintiff

Montanez to execute a Social Security Consent Form, and state:

**RELEVANT BACKGROUND**

1.      Plaintiff Montanez claims he was wrongfully convicted of the 1993 murder of Rodrigo Vargas because Defendants conspired among themselves and with others to manipulate witnesses into falsely implicating Montanez and withholding material evidence from him at trial. Plaintiff Montanez claims that due to Defendants conduct he was wrongfully incarcerated for 23 years before being released.

2.      Plaintiff filed a Corrected First Amended Complaint against the Defendants on June 19, 2018 claiming that "Defendants misconduct caused and continues to cause Plaintiff extreme physical and psychological pain and suffering, humiliation, constant fear, anxiety, deep depression, despair, rage, and other physical and psychological effects." Montanez Cor. Am. Complt. Dkt. 89, ¶¶ 120, 126; *see also Id.* at ¶¶ 133, 140, 147, 151, 171, and 181. In addition, Plaintiff alleged the Defendants intentionally inflicted emotional distress on him.  Montanez Cor. Am.  Complt. Dkt. 89, Count VII.

3.       On October 2, 2018, Plaintiff agreed to the terms of a HIPAA and Mental Health Confidentiality Protective Order whereupon it was ordered that "the parties and their attorneys shall be permitted to use the protected health information and mental information of…Jose Montanez, in any manner that is reasonably connected with the above-captioned litigation. This includes disclosures to the parties, their attorneys of records, the attorneys' firm…" HIPAA and Mental Health Confidentiality Order, Dkt. 119. Despite that agreement, Plaintiff maintains that he did not waive his psychotherapist patient (*Jaffee*[1]) privilege.

4.      Plaintiff subsequently disclosed records indicating that he had filed a claim for disability with the Social Security Administration. Defendants sought to subpoena the Social

_____

[1] *Jaffee v. Redmond*, 518 U.S. 1 (1996)

2

Security Administration, but were familiar with the Social Security Administration's requirement of an executed release prior to providing records.

5.     On December 19, 2018, Defendants requested that Plaintiff execute a Social Security Administration Consent to Release Form so Defendants could avoid unnecessary delays in obtaining records from the Social Security Administration. Defendants requested that Plaintiff execute the release at his earliest opportunity. 12/19/ 18 Email to Plaintiff Attorney, Ex. A; Social Security Consent Release Redacted, Ex. B.

6.     Approximately 6 weeks later, on January 29, 2019, Defendants were forced to follow up with Plaintiff and again, request that he execute the consent form in order to obtain the records from the Social Security Administration. Email exchange between Plaintiff and Defense counsel, Ex. C.

7.     That same day, Plaintiff's counsel indicated that Montanez would not sign the waiver form unless the subpoena response documents were first produced to his law firm so they could review the documents for "privilege" and then produce non-privileged documents back to Defendants. Id. The only privilege Plaintiff sought to invoke was the *Jaffee* privilege.  *Id.*

8.     From that point on Defendants have repeatedly informed, through Rule 37.2 correspondence and an in-person meeting, that Plaintiff Montanez has waived any right to any alleged *Jaffee* privilege by placing his extreme psychological state at issue in this litigation and by affirmatively pleading an intentional infliction of emotional distress claim. But Plaintiff has stubbornly refused to accept his pleadings waived the privilege and in the last correspondence, indicated that Plaintiff will get the Social Security records on his own, have his attorneys review them for privilege, and then turn over any non-privileged documents over to Defendants. Email exchange between Plaintiff and Defense counsel, Ex. C.

9.     Given Plaintiff's refusal to execute the consent form without first arbitrarily reviewing the medical records, Defendants were left with no alternative but to file the instant motion seeking an order requiring Plaintiff to execute the consent form and clarification as to whether by Plaintiff's pleading he has waived the *Jaffee* privilege which would thereby allow Defendants to adequately, and without undue restriction, obtain mental health records to defend against Plaintiff's claim for psychological damages.[2]

10.     Indeed, Defendants believe that discovery related to Plaintiff's mental health records is not only relevant or will lead to the discovery of relevant information pertaining to the alleged incident and Plaintiff's claim of damages, but required in light of the alleged damages and intentional infliction of emotional distress claim. Defendants are seeking evidence of Plaintiff's mental health condition prior to the alleged incident to compare to his post-incident mental health, and the Social Security records are one possible source of information about the alleged damages of severe psychological harm, deep depression, and anxiety.[3]

## ARGUMENT

11.     This court has broad discretion to determine matters of discovery. FED. R. CIV. P. 26; *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 646 (7th Cir. 2001). Discovery's purpose is to "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble Co.*, 356 U.S. 677 (1958).

12.     During discovery relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may

---

[2] Additionally, to date, Defendants have not received any notice that Plaintiff has actually attempted to track down his Social Security records.

[3] Defendants have subpoenaed the mental health records, without objection, of Plaintiff's treating clinical psychologist, Dr. Darlene Perry, but she did not disclose records of any treatment or assessment of Plaintiff's mental health and instead just provided administrative documents.

be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 2389

(1978). "Relevancy for discovery is flexible and has a broader meaning than admissibility at

trial." *White v. Kenneth Warren & Son, Ltd.*, 203 F.R.D. 364, 366 (N.D. Ill. 2001)(*citing*

*Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U.A.,* 657 F.2d 890, 903 (7th

Cir.1981)).

13.     "If a plaintiff by seeking damages for emotional distress places his or her

psychological state in issue, the defendant is entitled to discover any records of that state." *Doe*

*v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006); *see also Flowers v. Owens*, 274 F.R.D.

218, 224 (N.D. Ill. 2011) (denying plaintiff's motion for a protective order to prevent the

deposition of plaintiff's therapist and to claw back mental health records where the plaintiff's

claims of mental health injury implicated mental health symptoms and diagnoses); *Taylor v. City*

*of Chicago*, 2016 WL 5404603 (N.D. Ill. Sept. 26, 2016); *Price v. Wrencher*, 2014 WL 5035096

(N.D. Ill. Jan. 21, 2014).

14.     In *Kluppelberg v. Burge, et al.,* (No. 13-c-3963, Dkt. 136, (April 10, 2014)), a

similar §1983 lawsuit based on a reversed conviction with claims of severe psychological

damages, the plaintiff's proposed procedure to have defendants' subpoenas for his mental health

records returnable directly to the plaintiff's law firm for an initial review of privilege was flatly

denied.  (Ex. D, Judge Valdez's April 10, 2014 Order). Judge Valdez specifically held:

"[Plaintiff] contends that his proposed production scheme is necessary to ensure that any

privileges are not waived. Plaintiff misunderstands that, by putting his psychological history at

issue, he has *already* waived any such privileges related to his psychological records" and denied

plaintiff's request to have him first review the records.  (*Id*. at  p. 2) (emphasis in original). Here

too, Plaintiff Montanez has waived any privileges related to his psychological records and his scheme to first review the records should be denied.

15.     Similarly, in *Laudicina v. City of Crystal Lake*, No. 17 CV 50177, 2018 WL 5389844, at *9 (N.D. Ill. Oct. 29, 2018), the Court followed Seventh Circuit precedent in *Doe v. Oberweis Dairy*, in determining whether "[]p]laintiff waived the psychotherapist-patient privilege by pleading that he suffered emotional anxiety, mental trauma, humiliation, fear, and stress because of Defendants' actions" and seeking emotional damages. After a thorough review of mental health privilege law, the Court held "that Plaintiff waived the privilege by placing his mental health at issue". *Id.* at *9.

16.     At this late stage of the litigation, Plaintiff has waived any right to assert a *Jaffee* privilege while still claiming severe psychological trauma through his pleadings and interrogatory responses and pursuing an intentional infliction of emotional distress claim. Plaintiff cannot be allowed to use his *Jaffee* privilege as a defense from obtaining records but also as a sword by disclosing only that information that he prefers. *Kronenberg v. Baker & McKensie,* 747 F.Supp.2d 983, 989 (N.D.Ill.2007) (indicating that "one cannot use a privilege as both a shield and a sword" in discussing waiver of psychotherapist-patient privilege).

17.     Therefore, Defendants respectfully request, that this Court compel Plaintiff to execute the Social Security Administration Consent and Release Form without any caveats, consistent with *Doe v. Oberweis Dairy's* clear holding that the *Jaffee* privilege is waived by an intentional infliction of emotional distress claim and claims of severe emotional damages, and for such further relief as this Court deems appropriate.

Date: February 11, 2019

Respectfully submitted,

s/Josh M. Engquist
Josh M. Engquist, Attorney No6242849
*One of the Attorneys for Defendant Officers*

James G. Sotos
Jeffrey N. Given
Josh M. Engquist
Jeffrey R. Kivetz
**The Sotos Law Firm, P.C.**
550 E. Devon Ave., Suite 150
Itasca, IL 60143
(630)735-3300
jegquist@jsotoslaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that on, February 11, 2019, I electronically filed the **Motion for Protective Order** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants on the attached service list.

s/Josh M. Engquist
Josh M. Engquist, Attorney No6242849
*One of the Attorneys for Defendant Officers*

Serrano v. Guevara, et al.**-** 17 CV 2869
Montanez v. Guevara, et al., - 17 CV 4560
**SERVICE LIST**

**Attorney for Armando Serrano**
Jennifer A. Bonjean
Ashley Cohen
1000 Dean Street #422
Brooklyn, NY 11238
Tel: (718)875-1850
Jennifer@bonjeanlaw.com
Ashley@bonjeanlaw.com

**Attorney for Matthew Coghlan**
Paula S. Quist
Morgan Hirst
Kristina K. Cercone
Leigh A. Krahenbuhl
Jones Day
77 West Wacker Drive, Suite 3500
Chicago, IL 60601
(312)782-3939
pquist@jonesday.com
mhirst@joensday.com
kcercone@jonesday.com
lkrahenbuhl@jonesday.com

**Attorneys for Jose Montanez**
Arthur Loevy
Jonathan Loevy
Russell Ainsworth
Debra Loevy
Ruth Brown
LOEVY & LOEVY
311 N. Aberdeen 6th FL
Chicago, IL 60607
Tel: (312) 243-5900
arthur@loevy.com
jon@loevy.com
russell@loevy.com
debra@loevy.vom
ruth@loevy.com

**Attorneys for John Dillon and Cook County**
Yulia Nikolevskaya
Anthony E. Zecchin
Christina C. Chojnacki
Andrew Horvat
Cook County State's Attorney Office
500 Richard J. Daley Center
Tel: (312)603-3369
yulia.nikolevskaya@cookcountyil.gov
anthony.zecchin@cookcountyil.gov
christina.chojnacki@cookcountyil.gov
timothy.hovart@cookcountyil.gov

**Attorney's for Reynaldo Guevara**
Thomas M. Leinenweber
Kevin E. Zibolski
Michael J. Schalka
Leinenweber Baroni & Daffada, LLC
120 N. LaSalle Street, Suite 2000
Chicago, IL 60602
847-251-4091
thomas@ilesq.com
kevin@ilesq.com
mjs@ilesq.com

**Attorneys for City of Chicago**
Eileen E. Rosen
Stacy A. Benjamin
Catherine M. Barber
Theresa B. Carney
Patrick R. Moran
Rock Fusco & Connelly, LLC
321 N. Clark, Suite 2200
Chicago, IL 60654
Tel: (312)494-1000
erosen@rfclaw.com
sbenjamin@rfclaw.com
cbarber@rfclaw.com
tcarney@rfclaw.com
pmoran@rfclaw.com

9