# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOSE MONTANEZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 CV 4560 |
| | ) | |
| v. | ) | Honorable Manish S. Shah |
| | ) | |
| REYNALDO GUEVARA, et al. | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| ARMANDO SERRANO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 CV 2869 |
| | ) | |
| v. | ) | Honorable Manish S. Shah |
| | ) | |
| REYNALDO GUEVARA, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' MOTION TO COMPEL
## PUNITIVE DAMAGES DISCOVERY

### Introduction

Plaintiffs Jose Montanez and Armando Serrano move this Court to compel the Individual Defendants to answer discovery requests regarding their financial condition and sit for depositions limited to that topic.[1] Defendants have taken the position that because they do not intend to introduce evidence of their financial condition as a defense to a punitive damages award, their finances are irrelevant to these proceedings. Defendants are incorrect. Plaintiffs have an affirmative right to

---

[1]     Plaintiffs do not seek punitive damages from Defendant Halvorsen's estate, and thus do not seek financial discovery from Defendant Halvorsen's estate.

1

discover evidence of wealth to establish the scope of an appropriate punitive damages award, and thus the discovery should be allowed.

### Statement of Facts

During the fact discovery period, Plaintiffs served interrogatories and document requests regarding the Individual Defendants' financial condition for punitive damages purposes. Plaintiffs served an interrogatory asking the Individual Defendants to, "[f]or punitive damages purposes, please estimate Your net financial worth," and provide a description of the calculation and information about Defendants' income sources, including their salaries. *See* Exh. A, Pl. Montanez's First Interrogatories to Defendant Officers, No. 9; Exh. B, Pl. Montanez's First Interrogatories to Defendants Coghlan and Dillon, No. 7. Plaintiffs also served a corresponding request for documents "relating to [the Individual Defendants'] total financial net worth," including tax returns; documents regarding assets worth in excess of $2,500; statements from financial accounts; pay stubs; mortgage documents; and other similar documents. Exh. C, Pl. Montanez's First Set of Requests for Production to Defendant Officers, at No. 39; Exh. D, Pl. Montanez's First Set of Requests for Production to Defendants Coghlan and Dillon, at No. 32.

The parties agreed to defer punitive damages discovery until after Defendants' motions for summary judgment were decided. *See* Exh. E, Mingey Dep., at 378-79. Now that the summary judgment motions have been adjudicated, and the Individual Defendants remain liable for punitive damages, Plaintiffs seek to conduct financial condition discovery.

**Legal Standard**

Federal discovery rules are liberal to assist in preparation for trial. *See Bond v. Utreras*, 585 F.3d 1061, 1075 (7th Cir. 2009); *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006). Accordingly, Fed. R. Civ. P. 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"The burden rests upon the objecting party to show why a particular discovery request is improper." *Parvati Corp v. City of Oak Forest*, 2010 WL 2836739, at *1 (N.D. Ill. July 19, 2010) (quoting *Kodish*, 235 F.R.D. at 450).

**Discussion**

Defendants' financial condition is discoverable because if Defendants are wealthy, a larger punitive damages award is warranted to act as a deterrent to their misconduct. *See Kemezy v. Peters*, 79 F.3d 33, 35 (7th Cir. 1996). As the Seventh Circuit has explained:

> To a very rich person, the pain of having to pay a heavy award of damages may be a mere pinprick and so not deter him (or people like him) from continuing to engage in the same type of wrongdoing….What in economics is called the principle of diminishing marginal utility teaches, what is anyway obvious, that losing $1 is likely to cause less unhappiness (disutility) to a rich person than to a poor one.

3

*Id.*; *see also City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 270 (1981) ("evidence of a tortfeasor's wealth is traditionally admissible as a measure of the amount of punitive damages"); *Zazu Designs v. L'Oreal, S.A.*, 979 F.2d 499, 508 (7th Cir. 1992) ("For natural persons the marginal utility of money decreases as wealth increases, so that higher fines may be needed to deter those possessing great wealth."). The only way for Plaintiffs to determine whether Defendants are wealthy, such that a larger punitive damages award is appropriate, is to conduct discovery into Defendants' financial condition.

Courts thus routinely permit discovery of, and admit at trial, evidence of a defendant's finances. *Aspen v. King World Prods. Corp.*, No. 00 C 6868, 2001 WL 1403001, at *3 (N.D. Ill. Nov. 9, 2001) (Magistrate Judge Schenkier) ("[T]here can be no doubt that net worth is discoverable …. as it regards ... plaintiff's punitive damages claim."); *In re Aqua Dots Prod. Liab. Litig.*, 270 F.R.D. 322, 324 (N.D. Ill. 2010), *aff'd,* 654 F.3d 748 (7th Cir. 2011) ("Since evidence of a defendant's wealth may be admissible at trial, as it relates to punitive damages, courts have allowed the discovery of financial information on those grounds."); *Platcher v. Health Professionals, Ltd.*, No. 04-1442, 2007 WL 2772855, at *2 (C.D. Ill. Sept. 18, 2007) ("A defendant's financial condition is relevant to the pursuit of punitive damages."); *Koblosh v. Adelsick,* No. 95 C 5209, 1997 WL 311956, at *2 (N.D. Ill. June 5, 1997) ("evidence of a defendant's financial position is admissible in federal-question cases in which a plaintiff has introduced evidence that would support an award of punitive damages"); *see also EEOC v. Staffing Network*, No. 02 C 1591, 2002 WL

4

31473840, at \*4 (N.D. Ill. Nov. 4, 2002); *Jones v. Sci. Colors, Inc.*, No. 00 C 0171, 2001 WL 902778, at \*1 (N.D. Ill. July 3, 2001); *United States v. Matusoff Rental Co.,* 204 F.R.D. 396, 399 (S.D. Ohio 2001) ("The overwhelming majority of federal courts . . . have concluded that a plaintiff seeking punitive damages is entitled to discover information relating to the defendant's financial condition in advance of trial and without making a *prima facie* showing that he is entitled to recover such damages"); *Roberts v. Shawnee Mission Ford, Inc.,* No. 01-2113-CM, 2002 WL 1162438, at \*4 (D. Kan. Feb. 7, 2002) ("If a plaintiff has alleged sufficient facts to claim punitive damages against a defendant, information of the defendant's net worth or financial condition is relevant because it can be considered in determining punitive damages") (internal quotations omitted); *Wauchop v. Domino's Pizza, Inc.,* 138 F.R.D. 539, 550 (N.D. Ind.1991).

Defendants cannot satisfy their burden to show that financial condition discovery would be improper here. *See Parvati Corp*, 2010 WL 2836739, at \*1; *Kodish*, 235 F.R.D. at 450. Defendants suggest that if they decline to mount an inability-to-pay defense, there is no reason for Plaintiffs to rebut their non-existent defense. That argument rests on a misreading of *Kemezy* and overlooks Plaintiffs' affirmative right to present evidence of wealth as relevant to a punitive damages award. To be sure, *Kemezy*'s analysis does include the non-controversial proposition that defendants bear the burden of presenting an inability-to-pay defense to punitive damages, rejecting the unusual argument made in that case that the *plaintiff* was required to introduce such evidence. 79 F.3d at 34 (explaining that

5

"whether or whether or not defendants elect to move forward with their affirmative defense or waive it, is entirely up to them"). Yet the proposition that Plaintiffs need not introduce evidence of Defendants' financial condition to obtain a punitive damages award does not establish that Plaintiffs are *precluded* from telling the jury about Defendants' wealth when seeking punitive damages; *Kemezy* establishes the contrary. *Id.* at 35; *see also* 7th Circuit Pattern Jury Instruction 7.28.[2]

In short, if Defendants are wealthy, Plaintiffs are entitled to present evidence of their net worth at trial. *Kemezy*, 79 F.3d at 36 ("The more wealth the defendant has, the smaller is the relative bite that an award of punitive damages not actually geared to that wealth will take out of his pocketbook"). If Defendants are poor, Plaintiffs may choose to not present that evidence to the jury. *Id.* ("A plea of poverty is a classic appeal to the mercy of the judge or jury, and why the plaintiff should be required to make the plea on behalf of his opponent eludes us."). Defendants, however, have their own independent right to present evidence of their poor financial condition, in those circumstances. Plaintiffs, therefore, have the right to conduct discovery into Defendants' financial condition.

---

[2]     Long ago, the Seventh Circuit suggested in dicta that it may be inappropriate to introduce evidence of a corporation's wealth as a means of measuring a punitive damages award. *See Zazú Designs,* 979 F.2d at 508. But that passing comment was both inapplicable to individual defendants (*see Kemezy*, 79 F.3d at 36), and *dictum*, as was exhaustively pointed out in *Donald v. Wexford Health Sources, Inc.*, 266 F. Supp. 3d 1097, 1102 (C.D. Ill. 2017). A year after *Zazú Designs*, in *TXO Production Corp. v. Alliance Resources Corp.,* 509 U.S. 443 (1993), the Supreme Court considered a corporate defendant's wealth to be a legitimate and typical factor in evaluating a punitive damages award. *Id.* at 462.

In this case, Plaintiffs cannot know what amount of punitive damages they will seek against Defendants without knowing their financial condition, but in a similar wrongful conviction case involving similar claims against some of these same Defendants, a jury awarded punitive damages of $75,000 against Defendant Guevara, $75,000 against Defendant Mingey, and $25,000 against a third defendant. *See* Exh. F, Verdict (Dkt. 670), *Rivera v. Guevara, et al.*, No. 1:12−cv−04428 (N.D. Ill.). Plaintiffs will seek a meaningful punitive damages award against the Defendants here, though that amount will be comparatively much lower than the compensatory damages award, which was $17,000,000 in *Rivera. Id.* The exact requests for punitive damages will be made after discovering Defendants' finances and after hearing the evidence at trial, but roughly speaking they will be relatively similar to the amounts awarded in *Rivera*.

### Conclusion

Plaintiffs respectfully ask the Court to compel the Individual Defendants to respond to Plaintiff's financial condition discovery, and sit for depositions limited to that topic, to inform Plaintiffs' requests for punitive damages at trial.

RESPECTFULLY SUBMITTED,

**JOSE MONTANEZ**

BY:  /s/ Russell Ainsworth
     *One of Plaintiff's Attorneys*

Arthur Loevy
Jon Loevy
Russell Ainsworth
Ruth Brown

Rachel Brady
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, Illinois 60607
(312) 243-5900

**ARMANDO SERRANO**

BY:    /s/ Ashley Cohen
          *One of Plaintiff's Attorneys*

Jennifer Bonjean
Ashley Cohen
Bonjean Law Group, PLLC
467 St. Johns Place
Brooklyn, New York 11238
718-875-1850

## CERTIFICATE OF SERVICE

I, Ashley Cohen, an attorney, hereby certify that on July 13, 2020, I filed the foregoing motion using the Court's CM/ECF system, which effected service on all counsel of record.

          /s/ Ashley Cohen
          *One of Plaintiff's Attorneys*